IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| STEPHEN DEARTH, et al., | ) | Case No. 12-5305 |
| | ) | |
| Appellants, | ) | CERTIFICATE AS TO PARTIES, |
| | ) | RULINGS, AND RELATED CASES |
| v. | ) | |
| | ) | |
| ERIC HOLDER, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

COME NOW Appellants, Stephen Dearth, and the Second Amendment Foundation, Inc., and submit their Certificate as to Parties, Rulings, and Related Cases:

**A.    Parties**

The following parties appeared as Plaintiffs in the District Court and are Appellants before this Court:

Stephen Dearth

Second Amendment Foundation, Inc. ("SAF")

Additionally, Maxwell Hodgkins had appeared previously as a party Plaintiff in the District Court, but is no longer a party to this action.

Pursuant to Cir. Rule 26.1, SAF represents that it has no parent companies, and no publicly-held company holds any ownership interest in SAF.

SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action

1

focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brought this action on behalf of itself and its members.

Attorney General Eric H. Holder, Jr. appeared as a Defendant in the District Court and is an Appellee before this Court.

**B.     Rulings Under Review**

The decision of the District Court for the District of Columbia, per the Hon. Robert L. Wilkins, entered September 27, 2012, granting Defendant-Appellee's motion for summary judgment and denying Plaintiffs-Appellants' motion for summary judgment. The decision is not currently reported.

**C.     Related Cases**

This case has previously been before this Court, No. 10-5062, and the decision in those proceedings was published as *Dearth* v. *Holder*, 641 F.3d 499 (D.C. Cir. 2011).

Previously, Appellants litigated their claims previously against Appellee's predecessors-in-interest, but each case was dismissed without prejudice on venue grounds. Appellee's predecessors claimed the only possible venue for the case was the District of Columbia. The related cases were:

*Dearth* v. *Gonzales*, U.S. Dist. Ct. Southern District of Ohio No. 06-cv-1012, *aff'd sub nom Dearth* v. *Mukasey*, 516 F.3d 413 (6th Cir. 2008).

*Hodgkins* v. *Gonzales*, U.S. Dist. Ct. Northern District of Texas No. 06-cv-2114, *aff'd sub nom Hodgkins* v. *Mukasey*, 271 Fed. Appx. 412 (5th Cir. 2008).

Dated: November 1, 2012                Respectfully submitted,

                                          Alan Gura
                                          Gura & Possessky, PLLC
                                          101 N. Columbus Street, Suite 405
                                          Alexandria, VA 22314
                                          703.835.9085/Fax 703.997.7665

By:  /s/ Alan Gura
                                          Alan Gura

                                          Attorney for Appellants

CERTIFICATE OF SERVICE

On this, the 1st day of November, 2012, I served a copy of the foregoing Certificate as to Parties, Rulings, and Related Cases upon the following by electronic service. The document was filed electronically, generating a Notice of Electronic Filing, and counsel below has consented to electronic filing:

Anisha Dasgupta
Appellate Staff, Civil Division
U.S. Department of Justice
950 Pennsylvania Ave, NW, Room 7533
Washington, D.C. 20530
(202) 514-5428

I declare under penalty of perjury that the foregoing is true and correct.

This the 1st day of November, 2012


/s/ Alan Gura
Alan Gura

Attorney for Appellants