

101 N. COLUMBUS ST., SUITE 405
ALEXANDRIA, VIRGINIA 22314
TEL 703.835.9085
FAX 703.997.7665

WWW.GURAPOSSESSKY.COM

September 18, 2013

The Hon. Mark J. Langer, Clerk
United States Court of Appeals
 for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, DC 20001-2866

    Re:   *Dearth* v. *Holder*, No. 12-5305
          To be argued September 19, 2013

          <u>Notice of Supplemental Authority, Fed. R. App. P. 28(j)</u>

Dear Mr. Langer:

      Plaintiffs-Appellants argue that 18 U.S.C. § 922(a)(9) is unconstitutional because it literally forbids a core aspect of the Second Amendment—the use of firearms for self-defense. Means-ends scrutiny should thus play no role in adjudicating this provision. See Appellants' Br. at 30-33.

      On September 12, 2013, the Illinois Supreme Court adopted this interpretive approach, unanimously holding Illinois' complete ban on the carrying of handguns outside the home violates the Second Amendment's core self-defense guarantee:

> [I]n the form presently before us, [the provision] categorically prohibits the possession and use of an operable firearm for self-defense outside the home. In other words, [the provision] amounts to a wholesale statutory ban on the exercise of a personal right that is specifically named in and guaranteed by the United States Constitution, as construed by the United States Supreme Court.

In no other context would we permit this, and we will not permit it here either.

*People* v. *Aguilar*, 2013 IL 112116, at ¶ 21.

*Aguilar* followed the Seventh Circuit's earlier decision in *Moore* v. *Madigan*, 702 F.3d 933 (7th Cir. 2012), which had reached the same conclusion, in the same manner. "[O]ur analysis is not based on degrees of scrutiny, but on Illinois's failure to justify the most restrictive gun law of any of the 50 states." *Id.* at 941. "The Supreme Court has decided that the amendment confers a right to bear arms for self-defense, which is as important outside the home as inside." *Id.* at 942. Since the "theoretical and empirical evidence (which overall is inconclusive) is consistent with concluding that a right to carry firearms in public may promote self-defense," Illinois's asserted policy rationales for barring gun carrying were insufficient. *Id.* "The Supreme Court's interpretation of the Second Amendment therefore compels us to [strike down the gun carry prohibition]." *Id.*

In this case, there does not even exist a theoretical question of whether Section 922(a)(9) proscribes the Second Amendment's core self-defense interest in acquiring firearms. This Court should follow the interpretive approach reconfirmed in *Aguilar* and *Moore*.

Sincerely,

/s/ Alan Gura
Alan Gura

This body of this letter contains 338 words.

cc: Counsel of Record via ECF

# CERTIFICATE OF SERVICE

On this, the 18th day of September, 2013, I served the foregoing by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 18th day of September, 2013.


/s/ Alan Gura
Alan Gura