

February 18, 2014

The Hon. Mark J. Langer, Clerk
United States Court of Appeals
 for the District of Columbia Circuit
333 Constitution Avenue, N.W.
Washington, DC 20001-2866

>   Re:   *Dearth* v. *Holder*, No. 12-5305
>         Argued September 19, 2013
>
>         <u>Notice of Supplemental Authority, Fed. R. App. P. 28(j)</u>

Dear Mr. Langer:

The Ninth Circuit's opinion last week in *Peruta* v. *County of San Diego*, No. 10-56971, 2014 U.S. App. LEXIS 2786 (9th Cir. Feb. 13, 2014), striking down a requirement that individuals wishing to bear arms must demonstrate "good cause" beyond self-defense, supplies highly persuasive authority in this case.

Following an exhaustive historical survey, which closely tracks the arguments Plaintiffs here advanced, *Peruta* held that "the carrying of an operable handgun outside the home for the lawful purpose of self-defense, though subject to traditional restrictions, constitutes 'bear[ing] Arms' within the meaning of the Second Amendment." *Id.* at *60. *Peruta* did not consider whether constitutional protection may extend to other reasons for carrying handguns, including "recreation, hunting, or resisting government tyranny." *Id.* at *21 n.4 (quotation omitted).

*Peruta* further explained—as Plaintiffs here have always urged—that "[t]racing the scope of the right is a necessary first step in the constitutionality analysis—and sometimes it is the dispositive one." *Id.* at *63 (citations omitted). "Put simply, a law that destroys (rather than merely burdens) a right central to the Second Amendment must be struck down." *Id.* (quotation and citation omitted). Recounting the various tiers of means-ends scrutiny applied in Second Amendment cases, *Peruta* continued, "there is, of course, an alternative approach for the most severe cases—the approach used in *Heller* itself. In *Heller*, applying heightened scrutiny was unnecessary." *Id.* at *66-*67 (footnote and citations omitted). "Intermediate scrutiny is not appropriate . . . for cases involving the destruction of a right at the core of the Second Amendment." *Id.* at *67 n.15.

The challenged provisions here bar Plaintiffs from acquiring arms for self-defense inside *and* outside the home. These provisions are thus unconstitutional with or without regard to any level of means-ends scrutiny.

          Sincerely,

          /s/ Alan Gura
          Alan Gura

This body of this letter contains 288 words.

cc: Counsel of Record via ECF

# CERTIFICATE OF SERVICE

On this, the 18th day of February, 2014, I served the foregoing by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 18th day of February, 2014.


/s/ Alan Gura
Alan Gura