[SCHEDULED FOR REARGUMENT MARCH 5, 2015]

No. 12-5305

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

STEPHEN DEARTH and the SECOND AMENDMENT FOUNDATION, INC.,

Plaintiffs-Appellants,

v.

ERIC H. HOLDER, JR., Attorney General of the United States,

Defendant-Appellee.

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————

SUPPLEMENTAL BRIEF FOR THE APPELLEE

———————

JOYCE R. BRANDA
  *Acting Assistant Attorney General*
RONALD C. MACHEN JR.
  *United States Attorney*

MARK B. STERN
  (202) 514-5089
MICHAEL S. RAAB
  (202) 514-4053
DANIEL TENNY
  (202) 514-1838
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C. 20530*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

## A. Parties and Amici.

The named plaintiffs-appellants are Stephen Dearth and the Second Amendment Foundation, Inc. The defendant-appellee is Eric Holder, Jr., Attorney General of the United States. The National Rifle Association, Inc., has participated as amicus curiae in this Court. Maxwell Hodgkins was a plaintiff in earlier district court proceedings in this case but is no longer a party to this action.

## B. Rulings Under Review.

The ruling under review is a Memorandum Opinion of the United States District Court for the District of Columbia, which granted defendant-appellee's motion for summary judgment. *Dearth v. Holder*, No. 09-587 (D.D.C. Sept. 27, 2012) (Wilkins, J.).

## C. Related Cases.

This case was previously before this Court. The docket number was 10-5062. The Court's decision is published as *Dearth v. Holder*, 641 F.3d 499 (D.C. Cir. 2011).

Plaintiffs have brought similar suits in the Southern District of Ohio, *Dearth v. Gonzales*, No. 06-1012, 2007 WL 1100426 (S.D. Ohio Apr. 10, 2007) (dismissing suit for lack of venue), *appeal dismissed sub. nom. Dearth v. Mukasey*, 516 F.3d 413 (6th Cir. 2008); and the Northern District of Texas, *Hodgkins v. Gonzales*, No. 06-2114 (N.D.

Tex. Aug. 15, 2007) (dismissing suit for lack of venue), *appeal dismissed sub. nom. Hodgkins v. Mukasey*, 271 F. App'x 412 (5th Cir. 2008).

                                                                                           s/ Daniel Tenny  
                                                                                           Daniel Tenny

## TABLE OF CONTENTS

**Page**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

INTRODUCTION AND SUMMARY ........................................................................... 1

ARGUMENT ................................................................................................................ 3

I.      Dearth has raised only a facial challenge to 18 U.S.C. § 922(a)(9), which cannot succeed because the statute is valid as applied to persons who have access to firearms while in the United States .......................... 3

II.     Dearth has not demonstrated that he lacks access to firearms while in the United States ........................................................................ 6

III.    The Second Amendment Foundation lacks standing to raise challenges on behalf of its members ........................................................ 9

CONCLUSION .......................................................................................................... 11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases:**                                                                           **Page**

\* *Hunt v. Washington State Apple Adver. Comm'n*,
   432 U.S. 333 (1977) ................................................................................. 2, 10

*Susan B. Anthony List v. Driehaus*,
   134 S. Ct. 2334 (2014) ..................................................................................... 9

\* *United States v. Salerno*,
   481 U.S. 739 (1987) ...................................................................................... 1, 3

**Constitution:**

U.S. Const. amend. II ............................................................................................ 3

**Statutes:**

18 U.S.C. § 922(a)(3) ............................................................................................. 7

18 U.S.C. § 922(a)(9) ............................................................................... 1, 2, 4, 5, 6

18 U.S.C. § 922(b)(3) .......................................................................................... 1, 5

18 U.S.C. § 922(*l*) ................................................................................................... 8

18 U.S.C. § 925(d) ................................................................................................. 8

18 U.S.C. § 924(d)(1) ............................................................................................. 9

18 U.S.C. § 925(d)(3) ............................................................................................. 7

18 U.S.C. § 925(d)(4) .......................................................................................... 2, 6

   \* Authorities upon which we chiefly rely are marked with an asterisk.

**Regulations:**

27 C.F.R. § 478.111(a) ................................................................................................. 8

27 C.F.R. § 478.115(a) ............................................................................................ 2, 6

27 C.F.R. § 478.115(d)(1) ............................................................................................ 8

**Other Authorities:**

Bureau of Alcohol, Tobacco, Firearms, and Explosives, *Federal Firearms Regulations Reference Guide 2014, available at* http://www.atf.gov/sites/default/files/assets/Library/Publications/atf_p5300.4_federal_firearms_regulations_reference_guide_2014-edition.pdf ............................... 7

Bureau of Alcohol, Tobacco, Firearms and Explosives, *Firearms Commerce in the United States: Annual Statistical Update 2013, available at* https://www.atf.gov/sites/default/files/assets/pdf-files/052013-firearms-commerce-in-the-us-annual-update.pdf ........................................................................... 8

## INTRODUCTION AND SUMMARY

Pursuant to this Court's order of December 22, 2014, appellees respectfully submit this supplemental brief.

Plaintiffs challenge two federal statutes and associated regulations. One challenged statute, 18 U.S.C. § 922(b)(3), generally requires purchases of firearms to comply with the law of the purchaser's state of residence. The other, 18 U.S.C. § 922(a)(9), makes it unlawful "for any person, other than a [federal firearms licensee], who does not reside in any State to receive any firearms unless such receipt is for lawful sporting purposes."

Plaintiffs are an individual, Stephen Dearth, and an organization, the Second Amendment Foundation.[1] Dearth is a U.S. citizen who resides in Canada and does not have a residence in the United States. He alleges that the challenged statutes prevent him from purchasing a firearm while he is visiting the United States. The Second Amendment Foundation suggests that some of its members may face a similar restriction.

This Court requested supplemental briefing to address five questions:

(1) Whether appellant Dearth is alleging that 18 U.S.C. § 922(a)(9) is facially unconstitutional, unconstitutional as applied to him, or both.

(2) If the challenge is facial, how this court should apply the standard set forth in *United States v. Salerno*, 481 U.S. 739, 745 (1987) to that challenge.

---

[1] One additional individual, Maxwell Hodgkins, was previously a plaintiff but has been dismissed from the case.

(3) Whether the Second Amendment Foundation has standing to challenge either 18 U.S.C. § 922(a)(9) or § 922(b)(3) as applied to its members under the standard set forth in *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).

(4) Whether any party to this case made use of the option provided in 18 U.S.C. § 925(d)(4) and 27 C.F.R. § 478.115(a), allowing a resident citizen to buy a firearm, expatriate, and then return to the United States with the previously purchased firearm.

(5) Whether, under United States laws and regulations, non-resident citizens may bring into the United States firearms purchased abroad and, if so, for what purpose.

Order (Dec. 22, 2014).

As set forth below, Dearth has brought only a facial challenge to 18 U.S.C. § 922(a)(9) (the restriction on receipt of firearms by nonresidents), and that challenge fails because he cannot demonstrate that the statute is unconstitutional in all its applications. In particular, the statute is plainly constitutional as applied to individuals who have adequate access to firearms to use for purposes of self-defense.

Dearth has not advanced an as-applied challenge because he has not submitted evidence to distinguish himself from the class of individuals as to whom the statute is plainly constitutional. To raise an as-applied challenge, he would need to establish that he lacks access to firearms in the United States. Governing laws and regulations permit individuals like Dearth to return to this country with a firearm originally purchased during a period of U.S. residency, or to obtain firearms abroad and bring them to the United States. Dearth has not attempted to demonstrate that these options are unavailable to him. For the same reasons, even if Dearth had styled his

2

claim as an as-applied challenge, it would fail because he cannot establish that the statute at issue inhibits his access to firearms for purposes of self-defense while in the United States.

The Second Amendment Foundation lacks standing to bring this case on behalf of its members. The Foundation has not established that its members face a practical obstacle to the use of firearms for self-defense. Even if one or more members had done so, their claims would need to be advanced by the individual members and not by the organization on their behalf.

## ARGUMENT

**I.  Dearth has raised only a facial challenge to 18 U.S.C. § 922(a)(9), which cannot succeed because the statute is valid as applied to persons who have access to firearms while in the United States.**

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Dearth's Second Amendment claim cannot meet that demanding standard.[2]

The Second Amendment protects a right to "keep and bear Arms," not a right to purchase them. U.S. Const. amend. II. A restriction on the receipt of firearms might implicate the Second Amendment if it had the practical effect of preventing an individual from possessing a firearm. But such restrictions are plainly constitutional

---

[2] Dearth's other claims fail for the reasons stated in our original brief, regardless of whether they are considered facial or as-applied challenges. *See* U.S. Appellee Br. 34–36.

3

as applied to individuals who already have access to firearms adequate for the purposes of self-defense.

Dearth challenges a provision that prohibits individuals who lack legal residence in the United States from receiving a firearm. *See* 18 U.S.C. § 922(a)(9). That provision applies without regard to whether an individual already possesses or has access to a firearm. As applied to individuals who already possess one or more firearms in the United States, the statute raises no Second Amendment concern because it does not inhibit the ability of those individuals to possess firearms for purposes of self-defense. Such plainly constitutional applications of the statute suffice to defeat Dearth's facial challenge.

To pursue an as-applied challenge, Dearth would have had to rely on facts specific to him to justify the conclusion that the statute, though valid on its face, was unconstitutional as applied to him. In particular, Dearth would have needed to establish that he was not in the class of individuals as to whom the statute is plainly constitutional, by demonstrating that he lacks access to firearms when he is in the United States. He has not endeavored to do so. Neither in the complaint nor in his evidentiary submission did he make any allegation about his access to firearms while in the United States. *See generally* Compl. [JA 9–19]; Pls.' Statement of Undisputed Material Facts [JA 28–31]; Dearth Decl. [JA 32–33]. Thus, Dearth has not sought to establish facts that would raise an as-applied claim.

Dearth's prior submissions confirm that he is asserting a facial challenge to 18 U.S.C. § 922(a)(9). The complaint makes clear that plaintiffs raise a facial challenge to that provision (which prohibits the receipt of firearms by persons who do not reside in any State) and an as-applied challenge to 18 U.S.C. § 922(b)(3) (which regulates all firearms sales to out-of-state purchasers and thus applies to persons, unlike Dearth, who are U.S. residents). The complaint specifies that plaintiffs are challenging 18 U.S.C. § 922(b)(3) "as applied," but omits the phrase "as applied" from the challenge to 18 U.S.C. § 922(a)(9). *Compare* Compl. ¶¶ 28, 32, 37 [JA 15–18] (challenges to 18 U.S.C. § 922(b)(3) and related regulations "as applied"), *with id.* ¶¶ 26, 30, 35 [JA 15–17] (challenges to 18 U.S.C. § 922(a)(9), excluding the phrase "as applied"). Likewise, in the prayer for relief, plaintiffs ask the court to invalidate 18 U.S.C. § 922(a)(9) in all of its applications, seeking an order permanently enjoining its enforcement without qualification. Compl. Prayer for Relief ¶ 1 [JA 19]. In contrast, the prayer for relief relating to 18 U.S.C. § 922(b)(3) specifies that plaintiffs seek an injunction only insofar as it would apply to "American citizens who do not reside in any state." Compl. Prayer for Relief ¶ 2 [JA 19].

Plaintiffs made clear at oral argument in the district court that these distinctions were deliberate. In describing the portion of the prayer for relief that "discusses the first, third, and fifth claims which relate to (a)(9)," counsel stated that "it is a facial challenge." Tr. of Mot. Hr'g 61 (Dkt. No. 46). Plaintiffs' counsel asserted that he was

5

raising an as-applied challenge to (a)(9) only "under the idea that we are seeking any other relief that the Court might deem just and appropriate." *Id.*[3]

## II. Dearth has not demonstrated that he lacks access to firearms while in the United States.

Because Dearth has not premised his case on any allegation that he lacks access to firearms in the United States, the record does not provide the answer to the question whether he ever "made use of the option provided in 18 U.S.C. § 925(d)(4) and 27 C.F.R. § 478.115(a), allowing a resident citizen to buy a firearm, expatriate, and then return to the United States with the previously purchased firearm." Order, Question 4 (Dec. 22, 2014). We are unaware of any government records that would definitively answer that question.

The record in this case does establish that Dearth obtained a permit to carry a handgun while in the United States, which suggests that he at one time had access to one or more firearms. *See* Dearth Decl. ¶ 2 [JA 32]. The current location of those firearms, and Dearth's ability to access them, is not revealed in the record. Plaintiffs' failure to make a record on this issue underscores their failure to establish that

---

[3] The district court questioned Dearth's assertion that he was raising a facial challenge to 18 U.S.C. § 922(a)(9) because Dearth was not challenging the statute's application to transfers of firearms other than purchases. *See* Summ. J. Op. 6–7 [JA 177–78]. But Dearth does not contend that the statute is permissible as applied to other types of transfers, and impermissible only insofar as it applies to purchases. To the contrary, in support of his challenge to the statute, plaintiffs' opening brief in this Court recited examples of applications of the statute outside the context of purchase. *See* Pls.' Opening Br. 13–15 (quoting colloquy relating to borrowing firearms).

Dearth's inability to purchase a firearm within the United States affects his ability to possess such a firearm within the United States for purposes of self-defense.

In any event, Dearth could possess a firearm purchased abroad within the United States. The district judge stated, without contradiction from plaintiffs' counsel, that Dearth "already owns the handgun in Canada," and that he "hasn't pled that it's not possible for him" to bring a gun across the border. Tr. of Mot. Hr'g 59 (Dkt. No. 46); *see also* Summ. J. Op. 12 [JA 183] (noting plaintiffs' concession on this point). "Unlike aliens, United States citizens are not required to obtain an import permit to temporarily bring firearms into the United States." Bureau of Alcohol, Tobacco, Firearms, and Explosives, *Federal Firearms Regulations Reference Guide, 2014*, at 217.[4]

Although individuals who have established or seek to establish a residence in the United States face certain restrictions on the importation of firearms, *see* 18 U.S.C. § 922(a)(3), Dearth has no residence in the United States and is therefore not subject to these provisions. The Gun Control Act thus permits him to bring a firearm into the United States so long as it is not covered by the National Firearms Act, is not a surplus military weapon, and is "generally recognized as particularly suitable for or readily adaptable to sporting purposes." 18 U.S.C. § 925(d)(3). Many commonly used handguns meet this definition. Firearms generally must meet this definition to be

---

[4] http://www.atf.gov/sites/default/files/assets/Library/Publications/
atf_p5300.4_federal_firearms_regulations_reference_guide_2014-edition.pdf

imported, and over a million handguns are imported every year. *See id.* §§ 922(*l*), 925(d); Bureau of Alcohol, Tobacco, Firearms and Explosives, *Firearms Commerce in the United States: Annual Statistical Update 2013*, Ex. 3.[5] The criminal statutes that apply to importation and possession of firearms within the United States do not distinguish among lawful purposes for which the firearm may be brought into the United States, so long as the gun is suitable or adaptable for sporting purposes.

Regulations promulgated by the Bureau of Alcohol, Tobacco, Firearms, and Explosives explicitly exempt from otherwise-applicable regulations those firearms that are imported by a "nonresident of the United States for legitimate hunting or lawful sporting purposes," provided that the firearms are removed from the United States once the activity has concluded. 27 C.F.R. § 478.115(d)(1); *see also* 27 C.F.R. § 478.111(a) (generally restricting importation of firearms except as authorized by regulations). Dearth asserts that he wishes to use a firearm in the United States "for lawful sporting purposes as well as for other purposes, including self-defense," and thus qualifies for this exception. Dearth Decl. ¶ 3 [JA 32].

The agency has never had occasion to address the question whether governing regulations would restrict the importation of firearms by nonresident citizens who intend to use them only for lawful purposes other than sporting purposes. If the regulations were read in that fashion and the government elected to pursue an

---

[5] https://www.atf.gov/sites/default/files/assets/pdf-files/052013-firearms-commerce-in-the-us-annual-update.pdf

enforcement action, no criminal penalties would attach, and the government would need to "demonstrate[] by clear and convincing evidence" that a "willful violation" had occurred in order to subject the firearm to seizure and forfeiture. 18 U.S.C. § 924(d)(1). These inquiries are not relevant here because Dearth wishes to use firearms in the United States for sporting purposes, and, as noted above, such importation is expressly authorized by the regulations. And even if Dearth had a different intention, he could not establish that an enforcement action would be sufficiently likely that any statutory, regulatory, or constitutional issues relevant to that enforcement challenge should be resolved in a pre-enforcement proceeding, much less in this facial challenge to a statutory restriction on receipt of firearms within the United States. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2342 (2014) (pre-enforcement challenge may be brought where plaintiff "alleges an intention to engage in a course of conduct . . . proscribed by a statute, and there exists a credible threat of prosecution thereunder" (internal quotation marks omitted)).

### III. The Second Amendment Foundation lacks standing to raise challenges on behalf of its members.

The Second Amendment Foundation has not established that it has standing to raise any challenge in this case on behalf of its members. The complaint makes no allegations about any member's residence or access to firearms (except for Dearth and former plaintiff Maxwell Hodgkins, who has moved back to the United States and been dismissed from the case). *See* Compl. ¶ 3 [JA 10] (only allegation about Second

9

Amendment Foundation). The Foundation's two-page declaration states only that the individual plaintiffs are members and that the Foundation's members "on occasion reside overseas for an indefinite amount of time, while still returning to the United States on visits during which they enjoy exercising their Second Amendment rights." Versnel Decl. ¶ 4 [JA 34].

Thus, the Second Amendment Foundation has neither alleged in the complaint nor established through evidence that any member (other than Dearth himself) is a nonresident citizen who seeks to purchase a gun in the United States. It has therefore failed to satisfy the first requirement of standing for an association to sue on behalf of its members: that "its members would otherwise have standing to sue in their own right." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

Even if the Second Amendment Foundation could surmount that hurdle, it would still lack associational standing. As discussed above, any Second Amendment challenge would need to be premised on a member's lack of access to firearms while in the United States. A member's ability or inability to access firearms and the strength of the justification for the statutory restrictions at issue here could depend on the individual circumstances of each particular member. Because these claims require "individualized proof," *Hunt*, 432 U.S. at 344, they "require[] the participation of individual members in the lawsuit," *id.* at 343, and the case cannot proceed with the Foundation alone as a plaintiff.

## CONCLUSION

For the foregoing reasons and the reasons discussed in our prior briefs, the judgment of the district court should be affirmed.

Respectfully submitted,

JOYCE R. BRANDA
  *Acting Assistant Attorney General*

RONALD C. MACHEN JR.
  *United States Attorney*

MARK B. STERN
  (202) 514-5089

MICHAEL S. RAAB
  (202) 514-4053

s/ Daniel Tenny
DANIEL TENNY
  (202) 514-1838
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., N.W.*
  *Washington, D.C. 20530*

JANUARY 2015

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2015, I filed the foregoing through the Court's ECF system, which will effect service on counsel of record. I also caused 8 paper copies to be delivered to the Court.

<pre>
                                        s/ Daniel Tenny
                                        Daniel Tenny
</pre>