IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STEPHEN DEARTH, ET AL., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LORETTA E. LYNCH, <br><br> Defendant-Appellee. | No. 12-5305 |

**OBJECTION TO BILL OF COSTS**

Under Federal Rule of Appellate Procedure 39(d)(2), the government objects to plaintiffs' bill of costs. Plaintiffs have not prevailed in this litigation, which was remanded for trial. An award of costs is unwarranted.

1. This is an action challenging the constitutionality of two federal statutes and associated regulations. The district court entered summary judgment for the government, and plaintiffs appealed. This Court vacated the district court's grant of summary judgment and remanded the case for trial. In so doing, the Court did not adopt plaintiffs' legal theories, or reject the government's theory. Instead, the Court remanded the case so that the district court could make a determination based on a more developed factual record. Plaintiffs filed a bill of costs.

2. Federal Rule of Appellate Procedure 39(a) provides that costs are taxed against the appellee "if a judgment is reversed." Fed. R. App. P. 39(a)(3). But where, as here, "a judgment is . . . vacated, costs are taxed only as the court orders." Fed. R. App. P. 39(a)(4). In addition, "[c]osts for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law." Fed. R. App. P. 39(b).

Under these provisions, costs should not be taxed against the government in this case. Had plaintiffs obtained reversal of the district court's judgment, they could obtain costs under Rule 39(a)(3), and the requirement that costs be "authorized by law" would be satisfied by a provision of the Equal Access to Justice Act that authorizes an award of costs against the United States "to the prevailing party in a civil action," 28 U.S.C. § 2412(a)(1). But here, plaintiffs have not obtained reversal, and have not prevailed on their underlying claims: this Court did not preclude the government from enforcing the relevant statutes and regulations against plaintiffs. *See Farrar v. Hobby*, 506 U.S. 103, 110 (1992) (limiting prevailing party status to those who have obtained legal judgment that "'affects the behavior of the defendant toward the plaintiffs'" (internal quotation marks omitted)).

The Supreme Court has squarely held that parties who obtained vacatur and remand of an adverse judgment "have of course not prevailed on the merits of any

of their claims. The Court of Appeals held only that [they] were entitled to a trial of their cause." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). The Supreme Court thus concluded that such parties were not "prevailing parties." *Id.* at 759. That analysis controls here. *See Thomas v. National Science Found.*, 330 F.3d 486, 492 n.1 (D.C. Cir. 2003) (adopting same definition of "prevailing party" in Equal Access to Justice Act as in other fee-shifting statutes).

Even if an award of costs were authorized by law, it would still not be warranted in the circumstances of this case. As noted above, the Federal Rules of Appellate Procedure do not make costs available as a matter of course when a district-court decision is vacated. *See* Fed. R. App. P. 39(a)(4). This case presents no occasion for exercising any discretionary authority to award costs, as plaintiffs did not obtain relief on the merits and did not establish any favorable rule of law.

If plaintiffs ultimately prevail in this litigation, they may be entitled to an award of costs. At this stage, however, they have not prevailed on the merits of their case. Their request for costs should be denied.

Respectfully submitted,

MICHAEL S. RAAB

*s/ Daniel Tenny*
DANIEL TENNY
(202) 514-1838
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., NW
   Room 7215
   Washington, DC 20530

JULY 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 21, 2015, I filed the foregoing through the Appellate CM/ECF system. Service will be accomplished by the Appellate CM/ECF system.

                                          s/ Daniel Tenny
                                          Daniel Tenny